The State of Iowa ex rel. Bissell v. Stewart, Treasurer and Collector.

---

THE STATE OF IOWA *ex rel.* BISSELL v. STEWART, Treasurer and Collector.

1. INTEREST ON TAXES. The Revenue Law approved April 3d, 1860, (Revised Code 108) did not, either expressly or by implication, relinquish the interest accrued and accruing on taxes levied under prior laws. It does provide for the collection of the same.

2. SAME. The judgment of the Court below, overruling a demurrer to a petition for a *writ of mandamus* and granting a peremptory writ commanding a treasurer and collector to receive the amount of taxes levied upon the property of the relator, which was tendered (without interest,) and to execute a receipt in full for the taxes so levied, was erroneous and is reversed.

*Appeal from Dubuque District Court.*

WEDNESDAY, DECEMBER 6.

FOR the year 1857, taxes to the amount of one hundred dollars and over, were levied upon the real estate of the relator, situated in Dubuque County. On the 4th of August, 1860, these taxes remaining unpaid, he tendered to the treasurer and collector the amount so levied, without interest, and demanded the usual receipt therefor. This the treasurer refused, and thereupon the relator filed his petition in the District Court, asking for a writ of mandamus compelling said treasurer to receive the amount so tendered and to give him a receipt in full for the taxes so levied. A demurrer to the petition was overruled and a peremptory writ

ordered, requiring the collector to receive and receipt as prayed for by the relator. Respondent appeals.

*S. A. Rice*, Attorney General, for the appellant.

I. On general principles all rights and remedies which are · created by statute and are not perfected but are *in fieri* at the time of its repeal are forever bound unless protected by a saving clause. *McGuilken* v. *Doe*, 8 Blackf. 581; *Blackwell Tax Titles*, section 33, p. 553; Dwar. on Stat. 676.

II. This general principle is however not in force in this State, but on the contrary the Code provides that the repeal of a statute shall not affect any right which has accrued, any duty imposed or any penalty incurred under and by virtue of the statute repealed, and therefore a saving clause is unnecessary. Code section 26; *State* v. *Church*, 8 Iowa 252.

III. At the time the Code of 1851 was adopted there were delinquent taxes for the years 1847-8-9-50 due and unpaid and the revenue law of the Code contains no saving clause on old taxes. The Code also only made provision for the collection of the taxes of the prior year, (see section 496.) Yet we find the General Assembly in the session of 1852-3 recognizing the old taxes as still existing, for they then passed a special act for their collection and this court has recognized the legislation as constitutional, which would not be the case if the repeal of the old law without a saving clause was a relinquishment of the tax. See chapter 74 Acts of 1852-3; *Gaylord* v. *Scarff*, 6 Iowa 186; *Bleidorn* v. *Abel, et al*, Ib. 5.

IV. By the Revision of 1860, it is expressly provided that ·the sale shall be for the tax and interest and *costs* of this year and preceding years. In other words the statute has expressly provided for the collection of interest on past years as well as future ones and therefore without any other saving clause the right is amply secured in the body of the act. Rev. of 1860 section 763.

V. The construction claimed by the appellee would not only sweep away the *interest*, but the *tax* itself, for they

stand on the same principle, and the language in each case is the same. Sec. 763, Rev. 1860.

*F. E. Bissell*, for the appellee, presented in his argument a history of the legislation of the State concerning interest on delinquent taxes, and suggested the following propositions:

1. The right or power of taxation is an incident of sovereignty to be exercised by the law making power of the State through legislative constitutional acts.

2. The right to levy and collect taxes, either before levy, or after, *is not in the nature of contract* between the tax payer and the State; but is an arbitrary right to take, either with or without the consent of the particular person whose property is taken, and is not therefore a debt.

3. This right is one which the legislature may exercise, or not, and, *after levy*, there is no greater right vested in the State, as to taxes, than there was before the levy. After the money is collected, then a right is vested to the particular thing.

4. There being nothing in the nature of a contract in the levy and collection of taxes, the State may yield up, and not enforce the right, as well after levy as before.

5. Taxes can only be levied and collected by virtue of a constitutional legislative act.

6. A repeal of the law under which taxes have been levied, and may be collected, yields up to the tax payer all rights acquired by the levy, and leaves no power to collect the tax in the particular case, where it has been levied.

7. The law of 1860 absolutely repeals all pre-existing laws for the levy and collection of taxes; and it is conceded, that, by such repeal, all power to act under the repealed laws is gone; that these repealed statutes are as no statutes, are as though they had never been enacted, except so far as they may be affected by section 26 of the Code of 1851.

8. There is no saving clause in the act of 1860, as to levy and collection of taxes, levied prior to the taking effect of

this act; neither does the act distinctly state, that any of the prior tax shall be continued, or revived, nor does it state the object to which it is to be applied, and therefore does not come within section 7 of article 7 of the constitution of the State, which is a limitation upon the legislature in regard to the taxing power of the State.

9. The sections of the revenue law of 1860, which authorize the collection of taxes, are all fully met by referring them to taxes levied under said law; and there are no terms used in said law, which, from necessity, relate to interest upon delinquent taxes prior to July 4th, 1860.

10. A law creating a penalty cannot have a retrospective operation; at any rate, unless the law, in express terms, refers to a past time, or transaction and includes the same.

11. The interest on past taxes is not saved, in any section of the law of 1860, as a right, nor is it saved as a right accrued, or penalty incurred, because it is neither, under section 26 of the Code; and therefore the same cannot be collected under the general provision of the law of 1860, authorizing the collection of interest due on delinquent taxes due and unpaid.

WRIGHT, J.—The question briefly stated, as made by the parties in this case, is, whether since the taking effect of the revenue law of April 3d, 1860. (Rev. 1860, 108), the interest provided for in the previous statutes upon delinquent taxes can be collected; or whether granting that the State can collect such delinquent taxes, the right to the *interest* thereon, has not, by virtue of the legislation of the State, been remitted. To understand this question a brief reference to the several Acts bearing upon it will be necessary.

By chapter 37, of the Code of 1851 (under which this tax was levied) it is provided that on the first day of January, the unpaid taxes of the preceding year, became delinquent, and shall draw interest at the rate of twenty-five per centum per annum, and taxes on real estate are made a perpetual lien thereon.

On the 23d of March, 1858, a new revenue law was passed, which by its last section repealed all acts and parts of acts in conflict therewith. It may be admitted that this act covers all the ground of the law of 1851, and was intended to take the place of it. By the 48th section of the act of 1858, the unpaid taxes of the preceding year become delinquent on the 15th day of January, and were to draw interest at the rate of twenty-five per centum per annum, with the same lien as under the act of 1851. Sections 41 and 42 provide that the treasurer shall enter upon his tax book in proper columns, the tax remaining unpaid for preceding years, showing the year or years for which such delinquent tax so remains unpaid. After making these entries he is to proceed to collect the taxes, and is authorized and required, so far as practicable, to collect the taxes remaining unpaid on the tax books of previous years.

So far as is material to the present inquiry the law stood thus, at the time of the passage of the act of April 3d, 1860. Except as provided therein the 98th section of this act repeals the act of March 23d, 1858, and all other acts or parts of acts in conflict therewith. And it is upon the hypothesis that this general repealing clause, without any saving clause, takes away all right to collect interest under the prior act, that the appellee's argument is based. In other words it is argued, that the right of taxation is an incident of sovereignty, to be exercised by the law making power in a constitutional manner; that this right or power may or may not be exercised; that before the collection of the taxes there is no vested right thereto in the State ; that either before or after the levy the State may yield up or not enforce the right; that without a law taxes cannot be levied or collected; that the repeal of the law under which taxes have been levied and may be collected, without a saving clause, yields up all right to such taxes and takes away the power to collect the same. And then following this reasoning it is claimed that the act of 1860, absolutely repeals all pre-existing revenue

laws, without the reservation of a right to collect the interest (if the taxes even) due or owing under prior levies, and that there being no law providing for such collection, the State has surrendered the right, and that therefore the relator is at least not bound to pay the interest upon such prior levies and delinquencies.

The tenor and scope of the general argument is not much controverted by the respondent, but he denies its applicability to the present question. Its applicability he controverts upon two grounds: First, that the act of 1860 does in its several provisions save and reserve the right to collect the interest claimed; and, Secondly, that the general provisions of our Code on the subject of repealing statutes and their effect upon accruing and accrued rights, as well as penalties and forfeitures incurred, limit and restrain what might otherwise be the effect of the repealing section of the act of 1860.

We are then to ascertain whether either of these positions can be sustained. If the repeal of the old law does not amount to or involve a relinquishment of the interest claimed, and if the new law provides a remedy for the collection thereof, then the position assumed by the relator can not be sustained. And as to the first part of the proposition, there is no room for the argument that the act of 1860, in express words, remits or surrenders the interest. Does it do so by necessary implication? So far from doing this we think there is much in the statute tending to show and establishing the legislative purpose to save and reserve the right now claimed.

This act, like that of 1858, provides that the treasurer, when he receives the tax book for each year, shall enter upon the same in appropriate columns, the tax remaining unpaid for preceding years against any parcel of real estate or person. He is then to collect the taxes and he is also authorized and required to collect so far as practicable, *the taxes remaining unpaid on the tax books of previous years*. (Sec-

DECEMBER TERM, 1860.

The State of Iowa ex rel. Bissell v. Stewart, Treasurer and Collector.

tions 750, 751.) And then by section 760 he is to continue to collect the taxes, and is to give to the tax-payer a receipt for taxes paid, stating the time, the description of the land, the amount of each kind of tax, *the interest on each*, and costs, if any, giving a separate receipt *for each year*, and making the proper entries of such payments in the books of his office. And finally, section 763 provides that on the first *Monday of October, in the year* 1860, and in each year thereafter, the county treasurer shall offer at public sale, all lands, &c., on which taxes of any description for the preceding year *or years*, shall have been delinquent and remain due and unpaid, and such sale is to be made for and in payment of the total amount of taxes, *interest* and costs due and unpaid on such property. In making this sale he is required to give notice of the same, which shall contain, among other things, the amount of taxes for each year, and the amount of *interest* and costs against each tract of land or lot. (Section 763.)

Relying upon these provisions, it seems to us, that so far from this act showing an intention on the part of the law making power to relinquish and surrender to the tax payer the interest accrued and accruing under the act repealed upon his unpaid taxes, it clearly manifests an intention to collect the same in the same manner and by the same means provided for the collection of the taxes levied under and by virtue of its own provisions. In many respects the two laws are similar. In the opinion of the legislature the act repealed was not sufficient in all its provisions to secure the speedy and prompt collection of the revenue of the State. The purpose was to enact a law complete in all its parts and to make it applicable to the collection of taxes and the interest thereon delinquent under former laws, as well as such as might be subsequently assessed. This might have been done by the use of language more explicit, but the intention to our minds is clearly apparent, and this should be carried

out. Now, if the Act of 1860 had application alone to the taxes levied under its provisions and the interest to accrue thereon, it seems to us that some such language as this would have been used in section 763: "The County Treasurer shall on the first Monday in October, *in each year offer*," &c. Instead of this he is required to offer lands and lots on the first Monday in *October*, 1860, for the taxes due for the preceding *year or years*, and the sale is to be made for the *taxes, interest and costs*. In October 1860, there could only be a delinquency under the Act of 1860, for the *one* year, and yet the land is to be sold for the taxes due for the preceding year or years, and this is to cover *interest* as well as taxes and costs. What is meant by *preceding years and interest*, if not the taxes and interest due thereon as levied and accruing under the prior laws? Any other view renders the language used meaningless, and the same may be said of the other sections before referred to. Without examining therefore the second position assumed by appellant, we conclude that the State not only did not relinquish in express words nor by implication the interest accrued and accruing on the taxes previously levied, but that the legislature designed to enforce its collection, and has furnished a remedy fully adequate to this end.

Judgment reversed.